**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER BONNER,** | § | |
| **RAQUETHIA BONNER, KENEAU** | § | |
| **LAYMOND and AKIA LAYMOND,** | § | |
| *Plaintiffs*, | § | **Civil Action No. 4:19-CV-2675** |
| | § | |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY, TEXAS, and** | § | |
| **INDIVIDUALLY, S. HARRIS and** | § | |
| **JOHN AND JANE DOE DEFENDANTS** | § | |
| *Defendants*. | § | |
| | § | |

**INDEX OF MATTERS FILED UPON REMOVAL**

Defendant Harris County, Texas, files this Index of Matters Filed Upon Removal pursuant to Local Rule 81, respectfully providing the following documents, which appear in the file of the case styled *Christopher Bonner, et al, v. Harris County, Texas, et al*, Cause No. 2019-35046, pending in the 189th Judicial District Court of Harris County, Texas, certified copies of which are attached:

1.  Plaintiff's Original Petition (May 21, 2019) (2–21)

2.  Request for Issuance of Service to Harris County (June 11, 2019) (22–23)

3.  Request for Issuance of Service to S. Harris (June 11, 2019) (24–25)

4.  Request for Issuance of Service to Harris County (June 25, 2019) (26–27)

5.  Certified Mail Receipt to Harris County (June 27, 2019) (28–29)

6.  Certified Mail Receipt to S. Harris (June 27, 2019) (30–31)

7.  Certified Mail Tracking Number to Harris County (undated) (32–34)

8.  Certified Mail Tracking Number to S. Harris (undated) (35–37)

9.  Return Receipt to Harris County (July 11, 2019) (38–40)

**Exhibit C**

5/21/2019 11:42 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 33736337
By: Nancy Torres
Filed: 5/21/2019 11:42 AM

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 1 of 19

NO. _____

| | | |
|---|---|---|
| **CHRISTOPHER BONNER, RAQUETHIA BONNER, KENEAU LAYMOND and AKIA LAYMOND,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs* | § | |
| | § | |
| **V.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **HARRIS COUNTY, TEXAS, and INDIVIDUALLY, S. HARRIS and JOHN AND JANE DOE DEFENDANTS** | § | |
| *Defendants.* | § | **OF HARRIS COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COMES CHRISTOPHER BONNER, RAQUETHIA BONNER, KENEAU LAYMOND AND AKIA LAYMOND (hereinafter collectively referred to as "Plaintiffs") and file this petition complaining of Harris County, Texas, and individually, Deputy S. HARRIS and JOHN AND JANE DOES (hereinafter referred to as "Defendants"), and in support, respectfully shows the following:

### I.    DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends to conduct discovery in this action under Level 3 pursuant to Tex. R. Civ. P. 190.1.  Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief over $200,000.00, but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled.  Plaintiffs expressly reserve the right to amend this Rule 47 statement of relief if necessary.

### II.    PARTIES AND SERVICE

2.    Plaintiff CHRISTOPHER BONNER is an individual residing in Harris County, Texas.

3.    Plaintiff RAQUETHIA BONNER is an individual residing in Harris County, Texas.

4.    Plaintiff KENEAU LAYMOND is an individual residing in Harris County, Texas.

5.      Plaintiff AKIA LAYMOND is an individual residing in Harris County, Texas.

6.      Defendant S. HARRIS, sued in her individual capacity, at all relevant times acted under color of law, employed by Defendant Harris County.

7.      Defendant(s) JOHN AND JANE DOES, sued in their individual capacities, names not known yet by Plaintiff, at all times acted under color of law, employed by Defendant Harris County.

8.      Defendant HARRIS COUNTY, TEXAS is a municipal corporation, governmental entity and political subdivision of the State of Texas.

9.      Harris County Sheriff's Office is a Governmental Agency, was and is and agency, department and/or subdivision of the Harris County, Texas organized and existing pursuant to the laws of the State of Texas, engaged in the hiring, training and supervision of law enforcement/corrections officers.

10.     One or more of the individual Defendants had supervisory responsibilities with respect to John and Jane Doe Defendants, and with respect to operations of the Harris County Sheriff's Office.

11.     At all times material to the claims set forth herein, Ed Gonzalez (hereinafter "Sheriff Gonzalez") was the director of the Harris County Sheriff's Department and was responsible for the oversight of the Harris County Deputies, the development, promulgation, and implementation of policies, procedures and standards for the Harris County Sheriff's Office.   Specifically, Gonzalez is the chief policymaker for the Harris County and was directly responsible for the operations of the Harris County Sheriff's Office and all of its officers, including those named herein.

12.     The Harris County Sheriff's Department is responsible for, among other things, development, promulgation, and implementation of policies and procedures and standards for the Harris County Sheriff's Office and more specifically policies, procedures and standards relating

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 2 of 19

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 3 of 19

to the use of force, arrest, conditions of confinement, internal affairs investigations, discipline and overall conduct of Harris County Deputies.

13.     Defendant Harris County funds and operates the Harris County Jail, which, along with the Harris County Sheriff's Office, is responsible for the implementation of the sheriff's department's budget, policies, procedures, practices and customs, as well as the acts and omissions, challenged by this suit.

14.     Defendant Harris County is the employer of individual Defendants, Sheriff Gonzalez and other unknown employees ("John and Jane Doe") defendants and is responsible for the acts and/or omissions of same that were performed in the course and scope of their employment.

### III.     JURISDICTION AND VENUE

15.     The subject matter in controversy is within the jurisdictional limit of the court.

16.     The court has jurisdiction over the claims.

17.     Venue is proper in Harris County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code §15.002 *et. seq.* because all or a substantial part of the events or omissions giving rise to the claims arose in Harris County, Texas.

### IV.     FACTUAL ALLEGATIONS

18.     On Saturday, March 10, 2018, around 1:15 pm, Mr. Bonner received a call from his wife, Raquethia Bonner, stating that they just lost control of the family vehicle and spun around on the freeway and hit the concrete wall of the freeway. Mr. Bonner asked if anyone else was involved in the accident and she replied "no."

19.     Mr. Bonner's niece, Iisha Marks, who was driving the vehicle was very shaken up. Mr. Bonner asked his wife if the truck was drive-able, she replied "yes," he then told her to drive home so that he could assess the damage.

20.    Mr. Bonner was outside waiting for them when they arrived. When they arrived, Mr. Bonner greeted them with concern and proceeded to check the truck as they explained to him what happened.

21.    While Mr. Bonner, Mrs. Bonner, Ms. Marks, Ms. Akia Laymond and Ms. Keneau Laymond were outside explaining what happened, a Harris County deputy, Deputy Harris, arrived.

22.    Deputy Harris stepped out of her vehicle with hostility and frustration, she walked to straight to Ms. Marks and physically detained her in an aggressive manner.

23.    Deputy Harris did not explain why she was arresting her. She just grabbed Ms. Marks and threw her up against the car making her hit her head on the police car and then handcuffed her, leaving her family confused and concerned. Prompting the following conversation between Mr. Bonner and Deputy Harris:

> **Mr. Bonner:** "What's going on?"
>
> **Deputy Harris**: "It's none of your [*fucking*] business." Emphasis added.
>
> **Mr. Bonner**: "I'm the owner of the truck and the uncle of the person your arresting" so it is my business.
>
> **Deputy Harris:** "Keep talking and I'm gonna arrest you."
>
> **Mr. Bonner:** "For what? Asking questions about what's going on with my truck and niece? I'm her guardian."

24.    Deputy Harris then walked towards Mr. Bonner in an aggressive manner and started to man-handle and handcuff him. Deputy Harris aggressively attempted to remove everything out of Mr. Bonner's hand. Harris did not ask him to empty his hands. Deputy Harris then grabbed Mr. Bonner and began applying joint manipulation techniques, pushing him forcefully to her patrol car.

25.    Deputy Harris began twisting his arm and pushed him onto the car while trying to handcuff him.

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 4 of 19

26.     Mr. Bonner informed Deputy Harris that he was disabled, so his arm could not bend the way she was trying to force it to. He attempted to corroborate his claim of disabled status by pointing out his handicap designation on his license plate.

27.     Mr. Bonner explained that he had a broken shoulder and a metal rod serving as his clavicle. Deputy Harris disregarded Mr. Bonner's disclosures of medical problems and continued to aggressively handle him, attempting to force his body to move in ways it could not, due to his recent surgery.

28.     Despite Plaintiff informing Harris of his injuries, Deputy Harris began kicking Mr. Bonner in his broken ankle.

29.     While this was taking place, Mr. Bonner's wife and nieces were pleading to Deputy Harris to stop treating Mr. Bonner like that because he was just involved in a motorcycle accident in which he sustained serious injuries.

30.     Mr. Bonner told Akia and Keneau not to worry and go in the house. They went inside their apartment.

31.     Several other Harris County deputies arrived. The newly-arriving deputies, John Doe Defendants, were also aggressive and disrespectful–cursing at Mr. Bonner and his family. Without a warrant–*and without consent*–Deputy Harris and John Doe Deputies went inside of the Bonners' apartment and seized Raquethia Bonner, Akia Laymond and Keneau Laymond.

32.     While inside the apartment, the deputies broke Mr. and Mrs. Bonner's door and couch.

33.     At the time the arrests, Akia was holding her small child. Akia and Keneau were charged with Interference with Public Duties, but Raquethia was released from handcuffs and allowed to stay with the children.

34.     Deputy Harris' stated reason for the arrests of Mr. Bonner, Akia and Keneau–which either contained false accusations or completely fail to articulate probable cause for arrest–were as follows:

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 5 of 19

35.     Christopher Bonner interfered by "*aggressively approaching Deputy Harris while she was securing the accident scene and by pulling away from Deputy Harris while she was attempting to detain Iisha Marks.*" Plaintiff vehemently denies that he aggressively approached Deputy Harris– *as he did not approach her at all*–and the latter allegation is nonsensical and does not articulate conduct that interferes or impedes with Harris' performance of her public duties. Plaintiff further denies that he was on an accident scene. Plaintiff used speech only–respectful, inquisitive speech.

36.     Akia Laymond interfered by "*refusing to stand up and holding a child and walking away when Deputy Harris was attempting to detain her.*" Such allegations do not articulate conduct that interferes or impedes with Harris' performance of her public duties. Plaintiff Akia Laymond had only verbal interaction with Defendants–including Harris.

37.     Keneau Laymond interfered by "*standing between Deputy Harris and Akia Laymond.*" Such allegations do not articulate conduct that interferes or impedes with Harris' performance of her public duties. Plaintiff Keneau Laymond had only verbal interaction with Defendants– including Harris.

38.     These false charges against Christopher Bonner, Akia Laymond and Keneau Laymond were rightfully immediately dropped by the Harris County District Attorney's Office, stating that "*no probable cause*" as the reason for dismissals.

39.     Prior to this arrest, none of the Plaintiffs had criminal history or arrest records.

40.     Plaintiffs further allege that, in arresting Plaintiffs, Defendant Harris was not performing a duty or exercising authority imposed or granted by law.

41.     Furthermore, Defendants towed Mr. Bonner's truck, which was legally parked at his apartment complex. Mr. Bonner's truck was damaged during the tow.

42.     Mr. Bonner, on three separate occasions, traveled to the closest Harris County Sheriff's Office precinct in attempts to make a formal complaint with the Internal Affairs Department within the HCSO, complaining he and Plaintiffs Keneau Laymond and Akia Laymond were falsely

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 6 of 19

arrested, physically assaulted, incurred storage fees due to the unlawful tow of his vehicle and suffered property damage due to the unlawful and manifestly indefensible conduct of Harris County, but was told on each attempt that there was no supervisor present to take his complaint and that he would have to try again when a supervisor was present.

43.     Setting aside what appears to be either a concerted attempt to prevent Mr. Bonner from filing a formal complaint or simply a testament of Harris County's scarcity in supervision, Mr. Bonner took it upon himself to file an online complaint. Much to his surprise, he received a phone call the following day, but to his dismay, the phone call was merely an instruction that he make his complaint in person.

44.     As Mr. Bonner was without transportation due to damage to his truck from the accident and unlawful tow, he mailed a notarized affidavit detailing the factual allegations of his complaint to the Internal Affairs Division of the Harris County Sheriff's Office.

45.     Despite confirming they received his sworn complaint, Deputy Guajardo and his supervisor refused to investigate Mr. Bonner's complaint–in violation of Texas law. Plaintiffs now bring these claims against the Harris County for violations of *42 U.S.C. § 1983*, and Texas law.

## V.     <u>CAUSES OF ACTION</u>

### *FIRST CLAIM FOR RELIEF – 42 U.S.C. § 1983 VIOLATIONS*

46.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

47.     *Section 1983*. The Civil Rights Act of 1871 (Ku Klux Klan Act), now codified as 42 U.S.C. § 1983 as federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

7

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 7 of 19

redress." 42 U.S.C. § 1983.

48.    The state action requirement for standing under 42 U.S.C. § 1983 has more commonly been referred to as "color of state law," from the statute itself. Plaintiffs are informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

49.    42 U.S.C. § 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Plaintiffs alleges that Defendants, jointly and/or severally deprived them of their Fourth Amendment rights and those rights, privileges, and immunities secured by the Fourth and Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment. Defendants violated this provision by the following actions, *inter alia,* and/or omissions:

a) by using excessive force in the course of Defendant Harris' custody of Mr. Bonner, in violation of the Fourth Amendment and its "reasonableness" standard. Mr. Bonner therefore pleads that he was unlawfully man-handled–despite his disability. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable;

b) by John Doe Defendants failing to intervene, where there was reasonable opportunity to intervene and such intervention would have prevented the violations and/or injuries of Mr. Bonner;

c) by entering into the residence of Mr. and Mrs. Bonner without a warrant or legal justification, and physically detaining Mrs. Bonner and the Laymond sisters, damaging the Bonners' door and couch in the process;

d) by unlawfully towing the Bonners' legally parked vehicle–resulting in more property damage; and

e) by falsely and maliciously charging Mr. Bonner, and the Laymond sisters with the commission of a crime without probable cause to believe that such crime had occurred and on the sole basis of hatred, malice, frustration and/or anger.

50.    The Fourth Amendment guarantees security from unreasonable search and seizure. It

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 8 of 19

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 9 of 19

includes the expectation of privacy, the right to be free from arrests without probable cause to believe the arrested person committed a crime. Accordingly, Plaintiffs allege that they were subjected to an unreasonable search and seizure, had their expectation of privacy violated, were detained without reasonable suspicion and/or probable cause, and Mr. Bonner was subjected to physical abuse and unreasonable excessive force.

51.     *§ 1983 - Excessive Force*. Mr. Bonner pleads that Defendants used excessive force in the course of Harris' supposed arrest, and/or investigatory stop, and/or other "seizure" of a free citizen, such as Mr. Bonner in violation of the Fourth Amendment and its "reasonableness" standard. Mr. Bonner therefore pleads that he was unlawfully assaulted, and physically beaten by Defendant Harris. Said actions resulted directly and only from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

52.     Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions. For these reasons, it is objectively unreasonable for Officer Harris to physically assault a disabled and cooperative Mr. Bonner in the parking lot in front of his apartment when he was attempting to check on his wife and nieces–who were just involved in an automobile accident.

53.     *§ 1983 - Search & Seizure*. Furthermore, when a person, such as Plaintiffs is seized and is not a "suspect" and has committed no crime, but is forced to undergo police escalation and brutality of the situation, the importance of the governmental interests alleged to justify the intrusion is necessarily diminished. As such, the actions and/or omissions of said officers cannot be justified under the circumstances of the instant case.

54.     Likewise, Defendants are liable if they conduct the search or seizure in an abusive manner even if they have the lawful authority to conduct the search and seizure. Plaintiffs in this situation

are protected by the Fourth Amendment to the United States Constitution and Article I, Sec. 9 of the Texas Constitution. The right to security in person and property protected by the Fourth Amendment may be invaded in quite different ways by searches and seizures. A search comprises the individual interest in privacy; a seizure deprives the individual of dominion over his or her person or property. In this instance, the search and seizure of Plaintiffs ran afoul of the Fourth Amendment because the search and seizure was conducted in an unnecessarily cruel, painful, and/or dangerous manner. Indeed, Mr. Bonner was physically assaulted by Defendants–causing harm and exacerbating preexisting injuries–in a private parking lot without a warrant and/or sufficient justification.

55.     John and Jane Doe Defendants who were present on the scene unlawfully entered Plaintiff Bonner's residence without his consent–and over his objection–arrested or allowed the arrest of Plaintiffs and the events which led up to it go unchecked even though their duty was to uphold the laws of the State of Texas and oversee the actions of Harris County.

56.     Defendants violated Plaintiffs Christopher and Raquethia Bonner's right to be protected from unreasonable search and seizures under the Fourth Amendment to the United States Constitution when they towed their vehicle, although it was legally parked on private property.

57.     Defendant Harris and John Doe Defendants had no conceivable legal authority or justification for towing Plaintiff Christopher and Raquethia Bonner's vehicle.

58.     No reasonable, prudent or marginally competent law enforcement officer would have towed Bonner's vehicle, or believed they had the authority to do so.

59.     Thus, the Individual Defendants' towing of Plaintiff Bonner's vehicle was manifestly indefensible, plainly incompetent and in violation of clearly established law.

60.     John and Jane Doe Defendants who did not personally use excessive force, falsely arrest or charge, force entry into Plaintiff's home, unlawfully enter Plaintiff's home or tow Plaintiff's vehicle, were present during the unfolding of the events that led up to the civil rights violations

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 10 of 19

Plaintiffs' were subjected to, had the opportunity to intervene to prevent or stop them, but failed to do so.

61.    *§1983 - False Arrest and/or False Imprisonment*. Plaintiffs Christopher Bonner, Keneau Laymond and Akia Laymond further allege that Defendants, jointly and/or severally have violated their Fourth Amendment rights when they were unreasonably falsely arrested and detained.

62.    Plaintiffs plead a § 1983 claim for false arrest under the Fourth Amendment as Defendants arrested them without probable cause. Defendants did not have probable cause to arrest them because the facts and circumstances within their knowledge was not reasonably sufficient to warrant a prudent officer to believe that he had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that a mere conversation warranted Plaintiffs' arrest. Evidenced by the District Attorney's Offices' immediate dismissal of the charges against Mr. Bonner and the Laymond sisters.

63.    There was no physical action taken by either plaintiff that interfered with either Defendants' lawful duties.

64.    It is well-established that warrantless arrests must be supported by probable cause.

65.    The Defendants' conduct not only violated Plaintiff's Fourth Amendment Rights to remain free from unreasonable seizure without due process of law, but their actions also violated Texas Penal Code 39.03 – Official Oppression. Further showing that Defendants violated clearly established law.

66.    Alternatively, Defendants were deliberately indifferent to the federally protected rights of Plaintiffs. In either event, it is clear that their actions were either plainly incompetent, reckless or knowingly in violation of clearly established law.

67.    Defendant Harris, in a sworn affidavit stated that Plaintiff Akia Laymond interfered by "refusing to stand and holding a child…" Certainly, a citizen sitting down holding a child is not presenting any physical confrontation or interference.

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 11 of 19

For Official Governmental Use Only - Do Not Disseminate to the Public: 8352148 - Page 12 of 19

68.     Moreover, Defendant Harris had no legal authority to command Akia to stand and put down her child.

69.     *§ 1983 - Malicious Prosecution.* Plaintiffs Christopher Bonner, Keneau Laymond and Akia Laymond also pleads a cause of action for malicious prosecution under § 1983. Defendants, acting under color of state authority, maliciously charged Plaintiffs with a misdemeanor and tendered false information concerning said charge to the prosecutor which leads that person to believe that probable cause exists when there is none. Additionally, Plaintiffs can demonstrate that the prosecution that is central to his civil lawsuit was terminated in their favor. Defendants not only caused the prosecution to be brought, but were prepared to testify, and submitted information in such regard, in aid of such prosecution. Said prosecution terminated in favor of Plaintiffs. Defendants acted without probable cause and with malice and caused Plaintiffs to expend funds in hiring an attorney and further caused them to suffer mental anguish damages.

70.     *§ 1983 – First Amendment Retaliation.* Plaintiffs further plead that Defendants' use of excessive force, search, seizure and/or arrest of Plaintiffs was in response to Plaintiffs' exercise of their constitutional right of free speech.

71.     *§ 1983 - Municipal Liability.* It is also well-established that municipalities are liable under 42 U.S.C. § 1983 for constitutional torts that follow the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal approval through the body's official decision-making channels. In this case, Harris County is liable because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures, excessive force and/or violating their citizens' right to be free of unwanted search and seizure. Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by the Harris County out of which deprived Plaintiffs of their civil rights by statute and by both the Texas and United States Constitutions. Liability for the Harris County is established under §1983

12

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 13 of 19

because the assault and man-handling of citizens, with little or no justification, is a persistent, widespread practice of city employees -- namely deputies -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. Harris County has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of police officers beating citizens establishes custom and accession to that custom by the City's policy makers. Harris County's unspoken policy of assaulting citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, Harris County is liable under § 1983 for failure to adopt a policy precluding officers from beating citizens because such failure to adopt such a policy is one of intentional choice.

72.     Plaintiffs are informed and believe that in 2015 alone, more than 3000 use of excessive force allegations were made against Harris County Sheriff's Department.

73.     Moreover, Harris County is liable for inadequate training of police officers under §1983. Liability attaches to Harris County because the City's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Plaintiffs allege that the training program in relation to the tasks a particular officer must perform is inadequate in the respect that the program fails to teach new police persons that beating citizens violates citizens' constitutional rights. As such, the deficiency in training actually caused Defendants to violate Plaintiffs' constitutional rights.

74.     Defendant Harris County had the opportunity to review the unlawful conduct of Defendants, and upon review, determined that the Defendants acted in conformance to its official policies or otherwise ratified their conduct. Namely, the facts, even as alleged by Defendant Harris, do not support the arrests for Interference, warrantless entry of the Bonners' residence or the towing of their legally parked vehicle. Thus, Defendants' conduct was manifestly indefensible.

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 14 of 19

75.     Furthermore, as the decision to falsely arrest Plaintiffs was made by multiple employees within the Harris County Sheriff's Office and/or was acquiesced to by other officers and supervisors, this case demonstrates that the Harris County has a policy, practice, procedure or subculture which, not only allows, but fosters unconstitutional conduct, such as disregarding wholly, or manufacturing probable cause to incarcerate persons arbitrarily deemed deserving of incarceration.

76.     Furthermore, as multiple Harris County deputies were involved these patently unconstitutional arrests, this case presents a self-contained study that Harris County's employees are inadequately trained and supervised, or alternatively, that Harris County's employees are so empowered by a pervasive and pandemic subculture of unlawful conduct, that the probable cause requirement for warrantless arrests is only optional. All of which was exacerbated by Harris County's ratification of Defendants' unlawful conduct.

77.     Violations of this nature can only occur as a result of institutional failures. Said failures show City's widespread practice of disregarding the rights of its citizens, and a failure to adequately train its employees on an institutional level.

78.     *§ 1983 - Qualified Good Faith Immunity Not Available.* Qualified good faith immunity stands for the proposition that even though the civil rights of a complainant may have been violated, if the officer engaged in the conduct in good faith there is no liability for that individual. The standard by which an officer's entitlement to good faith qualified immunity is objective not subjective. Defendants' actions judged by such objective standard protects, "all but the plainly incompetent or those who knowingly violate the law." The determination of objective reasonableness must be based on a version of the facts most favorable to Plaintiffs. To the extent that credibility questions exist, a fact-finder continues to be necessary. In the instant case, Plaintiffs allege that Defendants are not entitled to claim "qualified good faith immunity." Importantly, Defendants never had a good faith belief in their conduct because they acted in a manner

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 15 of 19

demonstrating that they were plainly incompetent and knowingly violated Plaintiffs' civil rights.

79.    When the facts are taken in the light most favorable to the Plaintiffs, it is clear that Plaintiffs were merely checking on the condition of their relative when they was assaulted, harassed and/or arrested. Any reason given by Defendants for their unlawful actions and/or omissions does not warrant the application of qualified good faith immunity because they were never in danger nor were any other persons in the vicinity in danger of Plaintiffs. Plaintiffs have asserted a violation of their constitutional right to be free from unreasonable search and seizure and their right to privacy; this right was clearly established at the time of Defendants' actions. Moreover, Defendants' actions were objectively unreasonable in the sense that they knew or reasonably should have known that the actions taken within their authority or responsibility would violate Plaintiffs' constitutional rights.

### SECOND CLAIM FOR RELIEF - - Texas - - False Arrest and False Imprisonment

80.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

81.    As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law, willfully detained Plaintiffs without their consent and without authority of law. Plaintiffs plead false imprisonment as Defendants had the intent to confine them, and carried out the intent by putting them in a position so that he could not move, let alone leave. Plaintiffs were conscious during the confinement and said confinement resulted in harmful detention, without consent, and without authority of law.

### THIRD CLAIM FOR RELIEF - - Texas - - Intentional Infliction of Emotional Duress

82.    Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

83.    As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law, intentionally and/or recklessly

inflicted emotional duress upon Plaintiffs, thereby they claim the tort of intentional infliction of emotional distress. Plaintiffs allege that the individual Defendants, acted intentionally and/or recklessly when beating him and further alleges that such conduct was extreme and outrageous. The actions of the individual Defendants caused Plaintiffs to suffer emotional distress; and the emotional distress suffered by them was so severe that it required treatment -- no reasonable person should be expected to endure such.

### *FOURTH CLAIM FOR RELIEF - - Texas - - Assault & Battery*

84.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

85.     As a pendent state cause of action, at all times material and relevant herein, the individual Defendants, by acts and/or omissions and under color of state law did then and there by acts and/or omissions, intentionally, knowingly and/or recklessly caused severe personal injury to Mr. Bonner through uncontested physical contact with him.

86.     Under Texas law, the cause of action for excessive force is simply one for assault and battery. Consequently, Mr. Bonner alleges that Defendant Harris committed an assault upon him when they intentionally, knowingly, and/or recklessly forcibly grabbed him and proceeded to use unnecessary and excessive force upon him. At no time did Mr. Bonner consent. Said assaultive conduct of the individual Defendants was committed intentionally, knowingly, and/or recklessly and was the proximate cause of bodily and emotional injuries to Mr. Bonner. Said injuries were the direct and immediate consequence of the individual Defendants' wrongful act and a natural and direct result of the assault.

87.     At no time was Defendant Harris privileged to take the action as force was not necessary. Moreover, Harris' assault and battery of Mr. Bonner was not objectively reasonable when balancing the amount of force used against the need for the force. Put differently, at no time was Mr. Bonner combative, resisting, fleeing or about to flee, nor was anyone (including Defendants)

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 16 of 19

16

ever in danger.

### FIFTH CLAIM FOR RELIEF - - Texas - - Malicious Prosecution

88.     Plaintiff re-alleges all of the allegations in the previous paragraphs, as though fully set forth herein.

89.     As a pendent state cause of action, at all times material and relevant herein, Defendants, by acts and/or omissions and under color of state law, instituted criminal proceedings against Plaintiffs with malice and under color of state law. Hence, Plaintiffs also plead a cause of action for malicious prosecution under state law of Texas and said claim is set forth above.

## VI.    DAMAGES

90.     As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Plaintiffs have been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock.

91.     Said injuries have caused Plaintiffs to incur special damages which include but are not limited to: past medical expenses, lost profits and the occurrence of attorneys' fees associated with his criminal charges.

92.     Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, a prevailing party in a § 1983 case is entitled to recover his attorney's fees. Hence, Plaintiffs further pray for all costs and attorney fees associated with bringing the present case to trial.

93.     In addition, Plaintiffs pray for punitive damages against all individual Defendants. Punitive damages are designed to punish and deter persons such as Defendants who have engaged in egregious wrongdoing. Punitive damages may be assessed under § 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from § 1983 awards of punitive damages, such damages may be awarded against a public

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 17 of 19

17

employee or official in their individual capacity. Therefore, Plaintiffs allege and pray for punitive damages against all individual Defendants, as such Defendants actually knew that their conduct was unconstitutional, and/or was callously indifferent to its legality.

## VII.   REQUEST FOR DISCLOSURE

94.   Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## VIII.   RULE 193.7 NOTICE

95.   Plaintiffs hereby give actual notice to Defendants that any and all documents produced may be used against Defendants at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document(s).

## IX.   PRAYER FOR RELIEF

96.   WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon trial of the merits, he recover compensatory damages against Defendants, jointly and severally; that Plaintiffs also recover punitive damages against the individual Defendants in an amount to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and, that Plaintiffs recover against each Defendant all reasonable and necessary attorney's fees, court costs and expenses in regards to the present suit in litigation. Moreover, Plaintiffs prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recovery; and that Plaintiffs recover against each Defendant any and all other general or specific relief to which he proves themselves justly entitled.

Respectfully submitted,

**ANDRE EVANS & ASSOCIATES, PLLC**

*/s/ Andre D. Evans*
ANDRE D. EVANS
Federal Bar I.D. No. 2553080
Texas State Bar No. 24082970
3003 South Loop West, Suite 108

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 18 of 19

Houston, Texas 77054
T: (832) 941-1282
F: (832) 778-8353
andre@attorneyandreevans.com

**ATTORNEY FOR PLAINTIFFS**

For Official Governmental Use Only - Do Not Disseminate to the Public: 85352148 - Page 19 of 19



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 10, 2019

Certified Document Number:        85352148 Total Pages:  19

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

6/11/2019 9:32:44 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 34264885
By: CLAUSELL, CYNTHIA
Filed: 6/11/2019 9:32:44 AM

# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

**CASE NUMBER:** 2019-35046    **CURRENT COURT:** 189th

**Name(s) of Documents to be served:** Original Complaint

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Lina Hidalgo

Address of Service: 1001 Preston, Suite 938

City, State & Zip: Houston, Texas 77002

Agent (if applicable) Harris County Sheriff's Office

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   **Newspaper**_____
- [ ] **Temporary Restraining Order**   [ ] **Precept**   [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias (not an E-Issuance)**   [ ] **Attachment**
- [ ] **Certiorari**   [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus**   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____   [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney at:** _____   **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
   Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____ Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Andre D. Evans   Bar # or ID 24082970

Mailing Address: 3003 South Loop West, Suite 108

Phone Number: (832) 304-1059

For Official Governmental Use Only - Do Not Disseminate to the Public: 85677414 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 10, 2019

Certified Document Number:      85677414 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

6/11/2019 9:32 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34264885
By: Cynthia Clausell-McGowan
Filed: 6/11/2019 9:32 AM




# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

**CASE NUMBER:** 2019-35046     **CURRENT COURT:** 189th

**Name(s) of Documents to be served:** Original Complaint

**FILE DATE:** _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** S. Harris

Address of Service: 1200 Baker St.

City, State & Zip: Houston, Texas  77002

Agent (if applicable) Harris County Sheriff's Office

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [✓] **Citation**  [ ] **Citation by Posting**  [ ] **Citation by Publication**  [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**           Newspaper_____
- [ ] **Temporary Restraining Order**  [ ] **Precept**  [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**  [ ] **Capias (not an E-Issuance)**  [ ] **Attachment**
- [ ] **Certiorari**  [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**  [ ] **Hague Convention ($16.00)**  [ ] **Garnishment**
- [ ] **Habeas Corpus**  [ ] **Injunction**  [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP (phone)** _____  [ ] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____    **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**              *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**    used to retrieve the E-Issuance Service Documents.
                          Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____  Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Andre D. Evans   Bar # or ID 24082970

Mailing Address: 3003 South Loop West, Suite 108

Phone Number: (832) 304-1059

For Official Governmental Use Only - Do Not Disseminate to the Public: 85677413 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 10, 2019

Certified Document Number:        85677413 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

6/25/2019 11:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34650801
By: Deandra Mosley
Filed: 6/25/2019 11:45 AM



# Marilyn Burgess

## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

**Request for Issuance of Service**

**CASE NUMBER:** 2019-35046          **CURRENT COURT:** 189th

**Name(s) of Documents to be served:** Plaintiff's Original Petition and Request for Disclosures

**FILE DATE:** 06/25/2019          Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Harris County, Texas, c/o Lina Hidalgo, County Judge

Address of Service: 1001 Preston, Suite 938

City, State & Zip: Houston, Texas 77002

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication** Newspaper_____
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias (not an E-Issuance)**
- [ ] **Attachment**
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus**
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*):
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [x] **CERTIFIED MAIL by District Clerk**

- [ ] **E-Issuance by District Clerk**
  **(No Service Copy Fees Charged)**
  *Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents.
  Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Andre D. Evans   Bar # or ID 24082970

Mailing Address: 3003 S. Loop W., Suite 108, Houston, Texa

Phone Number: (832) 304-1059

For Official Governmental Use Only - Do Not Disseminate to the Public: 85885451 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   July 10, 2019

Certified Document Number:        85885451 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

For Official Governmental Use Only - Do Not Disseminate to the Public: 86030955 - Page 1 of 1

2019-35046



06-27-19

**HARRIS COUNTY TEXAS**
**C/O LINA HIDALGO**
**1001 PRESTON SUITE 938**
**HOUSTON TX 77002**

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 10, 2019

Certified Document Number:        86030955 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

2019-35046



06-27-19

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.50                          JUN 27 2019    2019350 46

Extra Services & Fees
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postage
$ 1.60
Total Postage a
$ 7.90

Sent To
S. HARRIS
C/O HARRIS COUNTY SHERIFF'S
OFFICE 1200 BAKER ST
HOUSTON TX

Street and Apt.

City, State, ZIP+4

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7018 1830 0001 4425 3605

For Official Governmental Use Only - Do Not Disseminate to the Public: 86030956 - Page 1 of 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 10, 2019

Certified Document Number:        86030956 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7018 1830 0001 4425 3599

CAUSE NO. 201935046

RECEIPT NO.          75.00      CTM
      **********       TR # 73639573

PLAINTIFF: BONNER, CHRISTOPHER         In The    189th
            vs.                         Judicial District Court
DEFENDANT: HARRIS COUNTY, TEXAS         of Harris County, Texas
                                           189TH DISTRICT COURT
                                           Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY TEXAS BY SERVING LINA HIDALGO

     1001 PRESTON SUITE 938    HOUSTON   TX   77002

     Attached is a certified copy of <u>PLAINTIFFS ORIGINAL COMPLAINT</u>

This instrument was filed on the <u>21st day of May, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 26th day of June, 2019, under my hand and
seal of said Court.

<u>Issued at request of</u>:
EVANS, ANDRE D'SHAWN
3003 SOUTH LOOP WEST 108                MARILYN BURGESS, District Clerk
HOUSTON, TX 77054                     Harris County, Texas
Tel: (281) 883-8385                  201 Caroline, Houston, Texas 77002
<u>Bar No.</u>: 24082970                 (P.O. Box 4651, Houston, Texas 77210)

                                      Generated By: DENMON, BRIANNA JANEL   3B5//11261790

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFFS ORIGINAL COMPLAINT
to the following addressee at address:

_____         _____

                                       ADDRESS

_____         Service was executed in accordance with Rule 106
(a) ADDRESSEE                    (2) TRCP, upon the Defendant as evidenced by the
                                       return receipt incorporated herein and attached
_____         hereto at

                                       on _____ day of _____, _____
                                       by U.S. Postal delivery to _____

                                       This citation was not executed for the following
                                       reason: _____

                                       MARILYN BURGESS, District Clerk
                                       Harris County, TEXAS

                                       By _____, Deputy

For Official Governmental Use Only - Do Not Disseminate to the Public: 85928771 - Page 1 of 2

N.INT.CITM.P                          *73639573*         **RECORDER'S MEMORANDUM**
                                                         This instrument is of poor quality
                                                         at the time of imaging.

7018 1830 0001 4425 3599

CAUSE NO. 201935046

RECEIPT NO.                                    75.00        CTM
**********                              TR # 73639573

PLAINTIFF: BONNER, CHRISTOPHER                    In The    189th
          vs.                                     Judicial District Court
DEFENDANT: HARRIS COUNTY, TEXAS                   of Harris County, Texas
                                                  189TH DISTRICT COURT
                                                  Houston, TX

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: HARRIS COUNTY TEXAS BY SERVING LINA HIDALGO

    1001  PRESTON SUITE 938   HOUSTON TX  77002

    Attached is a certified copy of <u>PLAINTIFFS ORIGINAL COMPLAINT</u>

This instrument was filed on the <u>21st day of May, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 26th day of June, 2019, under my hand and
seal of said Court.



                                                  MARILYN BURGESS, District Clerk
<u>Issued at request of:</u>                       Harris County, Texas
EVANS, ANDRE D'SHAWN                              201 Caroline, Houston, Texas 77002
3003  SOUTH LOOP WEST 108                         (P.O. Box 4651, Houston, Texas 77210)
HOUSTON, TX  77054
Tel: (281) 883-8385
<u>Bar No.:</u>  24082970                          Generated By: DENMON, BRIANNA JANEL  3B5//11261790

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFFS ORIGINAL COMPLAINT
to the following addressee at address:

_____          _____
                                          ADDRESS

                                          Service was executed in accordance with Rule 106
(a) ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at
_____
                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

N.INT.CITM.P                              *73639573*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 10, 2019

Certified Document Number:        85928771 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

34

7Q18 7830 0001 4425 3605

CAUSE NO. 201935046

RECEIPT NO.
**\*\*\*\*\*\*\*\*\***

75.00    CTM
TR # 73639571

PLAINTIFF: BONNER, CHRISTOPHER
vs.
DEFENDANT: HARRIS COUNTY, TEXAS

In The    189th
Judicial District Court
of Harris County, Texas
189TH DISTRICT COURT
Houston, TX

THE STATE OF TEXAS
County of Harris

CITATION (CERTIFIED)

TO: HARRIS, S BY SERVING HARRIS COUNTY SHERIFF'S OFFICE

1200  BAKER ST    HOUSTON  TX

Attached is a certified copy of <u>PLAINTIFFS ORIGINAL COMPLAINT</u>

This instrument was filed on the <u>21st day of May, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

This citation was issued on 26th day of June, 2019, under my hand and seal of said Court.

<u>Issued at request of</u>:
EVANS, ANDRE D'SHAWN
3003  SOUTH LOOP WEST 108
HOUSTON, TX  77054
Tel: (281) 883-8385
<u>Bar No.</u>: 24082970

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: DENMON, BRIANNA JANEL   3B5//11261790

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFFS ORIGINAL COMPLAINT to the following addressee at address:

_____

_____

(a) ADDRESSEE

_____

ADDRESS

Service was executed in accordance with Rule 106
(2) TRCP, upon the Defendant as evidenced by the return receipt incorporated herein and attached hereto at

on _____ day of _____
by U.S. Postal delivery to _____, _____

This citation was not executed for the following reason: _____

MARILYN BURGESS, District Clerk
Harris County, TEXAS

By _____, Deputy

N.INT.CITM.P

**\*73639571\***

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

For Official Governmental Use Only - Do Not Disseminate to the Public: 85928772 - Page 1 of 2

35

J018 1830 0001 4425 3605

CAUSE NO.  201935046

RECEIPT NO.                                    75.00        CTM
*********                         TR # 73639571

PLAINTIFF: BONNER, CHRISTOPHER
              vs.                                    In The    189th
DEFENDANT: HARRIS COUNTY, TEXAS                      Judicial District Court
                                                     of Harris County, Texas
                                                     189TH DISTRICT COURT
                                                     Houston, TX

THE STATE OF TEXAS                  CITATION (CERTIFIED)
County of Harris

TO: HARRIS, S BY SERVING HARRIS COUNTY SHERIFF'S OFFICE

    1200  BAKER ST   HOUSTON  TX

    Attached is a certified copy of PLAINTIFFS ORIGINAL COMPLAINT

This instrument was filed on the 21st day of May, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 26th day of June, 2019, under my hand and
seal of said Court.



Issued at request of:                              MARILYN BURGESS, District Clerk
EVANS, ANDRE D'SHAWN                               Harris County, Texas
3003  SOUTH LOOP WEST 108                           201 Caroline, Houston, Texas 77002
HOUSTON, TX  77054                                  (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 883-8385
Bar No.:  24082970                                 Generated By: DENMON, BRIANNA JANEL  3B5//11261790

                           CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFFS ORIGINAL COMPLAINT
to the following addressee at address:

_____        _____
                                    ADDRESS
_____
                                    Service was executed in accordance with Rule 106
(a) ADDRESSEE                           (2) TRCP, upon the Defendant as evidenced by the
                                        return receipt incorporated herein and attached
_____            hereto at

                                    on _____ day of _____
                                    by U.S. Postal delivery to _____
                                    _____
                                    This citation was not executed for the following
                                    reason: _____
                                    _____

                                    MARILYN BURGESS, District Clerk
                                    Harris County, TEXAS

                                    By _____, Deputy

For Official Governmental Use Only - Do Not Disseminate to the Public: 85928772 - Page 2 of 2

N.INT.CITM.P                        *73639571*



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 10, 2019

Certified Document Number:        85928772 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**HARRIS COUNTY TEXAS**
**C/O LINA HIDALGO**
**1001 PRESTON SUITE 938**
**HOUSTON TX 77002**

2019-35046

9590 9402 4975 9063 0070 71

2. Article Number *(Transfer from service label)*

7018 1830 0001 4425 3599

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery
Jeanette Gary                            7/1/19

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

2019 35046
189th co un
W216

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

38

PS Form **3811**, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4975 9063 0070 71

United States
Postal Service

MAILED
MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 JUL 11 AM 7: 21

07-11-19

BY:
MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box •

MARILYN BURGESS, DISTRICT CLERK
HARRIS COUNTY, TEXAS
CIVIL INTAKE
P.O. BOX 4651
HOUSTON, TEXAS 77210

Do Not Disseminate - For Official Government Use Only



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   July 19, 2019

Certified Document Number:        86163153 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**